■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. LABRAKE, Appellant. [993 NYS2d 193]—

Stein, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered April 2, 2012, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 2010 of possession of a sexual performance by a child, and was sentenced to a prison term of 1 to 3 years. As his release from prison neared, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender. County Court conducted a hearing, after which it assigned 30 additional points under risk factor 3 (number of victims). While defendant's overall score remained in the risk level one category, County Court found an upward departure to be warranted and classified him as a risk level two sex offender. Defendant now appeals, and we affirm.

Defendant initially points out that County Court did not issue the required written order setting forth its findings of fact and conclusions of law. Remittal is not required, however, as County Court made "oral findings and conclusions that 'are clear, supported by the record and sufficiently detailed to permit intelligent review' " (*People v Hemmes*, 110 AD3d 1387, 1388 [2013], quoting *People v Carter*, 106 AD3d 1202, 1203 [2013]; *see* Correction Law § 168-n [3]).

Turning to the merits, defendant contends that the record does not contain clear and convincing evidence to support "the existence of an aggravating factor that was not adequately taken into account in the" risk assessment instrument such as to warrant an upward departure in the risk level (*People v Gauthier*, 100 AD3d 1223, 1225 [2012]; *see People v Gillotti*, 23 NY3d 841, 856-858 [2014]). The People here submitted reliable hearsay—in the form of the case summary, a statement to police made by defendant's girlfriend and admissions made by defendant in a federal plea agreement—establishing that defendant was a longstanding consumer of child pornography who had possessed thousands of images and videos at one point (*see People v Carter*, 106 AD3d at 1203-1204; *People v Christie*, 94 AD3d 1263, 1263 [2012], *lv denied* 19 NY3d 808 [2012]). The evidence further revealed that some of that material was extremely graphic and depicted heinous acts against young children. Defendant admitted that he had an addiction to pornography and that he had been viewing it for nearly two decades. Inasmuch as this proof showed that the presumptive risk level did not adequately reflect the duration and degree of defendant's child pornography habit, County Court providently exercised its discretion in

granting an upward departure (*see People v Gillotti*, 23 NY3d at 848-850, 853-854; *People v Rotunno*, 117 AD3d 1019 [2014], *lv denied* 24 NY3d 902 [Sept. 4, 2014]; *People v Muirhead*, 110 AD3d 1386, 1387 [2013], *lv denied* 23 NY3d 906 [2014]).

Peter, P.J., Garry, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, without costs.