*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    519334
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

MICHAEL ADAM,
                        Appellant.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        DerOhannesian & DerOhannesian, Albany (Paul DerOhannesian
II of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the County Court of Albany County
(Herrick, J.), entered May 2, 2014, which classified defendant as
a risk level II sex offender pursuant to the Sex Offender
Registration Act.

        Over a nearly two-year span beginning in 2007, defendant
engaged in sexually explicit online communications with two
individuals that he believed to be a 13-year-old girl and a
mother seeking to arrange a sexual partner for her 13-year-old
daughter.  Both individuals were in fact undercover FBI agents.
Thereafter, defendant pleaded guilty to two counts of attempted
disseminating indecent material to minors in the first degree,
and was sentenced to a prison term of four years, with 10 years

of postrelease supervision.  Prior to his release, the Board of Examiners of Sex Offenders completed a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), which resulted in a presumptive classification of risk level I, and recommended an upward departure to risk level II.  At the SORA hearing, County Court rejected additional risk factors proposed by the People, and determined defendant's presumptive classification to be risk level I.  The People also argued for an upward departure.  Citing specific matters revealed in the record relative to the duration and manner of defendant's contact with the potential victims, his efforts to obtain personal information from them, his discussions about traveling to meet them in person, and the graphic descriptions of sexual acts he hoped to engage in, the court determined that an upward departure to risk level II was warranted.  Defendant appeals.

An upward departure from a presumptive risk level classification may be ordered where there is clear and convincing evidence of an aggravating factor not otherwise taken into account in the RAI (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Labrake, 121 AD3d 1134, 1135 [2014]; People v Thornton, 34 AD3d 1026, 1026-1027 [2006], lv denied 8 NY3d 806 [2007]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]).  "In making its determination, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument" (People v Nash, 114 AD3d 1008, 1008 [2014] [citations omitted]; see People v Becker, 120 AD3d 846, 847 [2014], lv denied 24 NY3d 908 [2014]).  Here, the People presented chat logs showing that, over the course of nearly two years of interactions with the undercover agents, defendant discussed plans to travel to the potential victims' home city to meet with them and gave explicit descriptions of sexual acts he sought to engage in.  Defendant suggested specific dates that he would be available for the encounters, and discussed hotels where he could stay.  A forensic examination of his computer revealed that he had researched nearby hotels.  Additionally, after breaking off contact with the potential victims, defendant subsequently resumed contact after a period of several months of inactivity.  Under these circumstances, we agree that the People

proffered clear and convincing evidence of aggravating factors not otherwise taken into account by the RAI, and we find no abuse of discretion in County Court's determination that an upward departure was warranted (see People v DeDona, 102 AD3d 58, 69-70 [2012]; People v Blackman, 78 AD3d 803, 804 [2010], lv denied 16 NY3d 707 [2011]; see generally People v Kwiatkowski, 24 AD3d 878, 879 [2005]).

Finally, we find no merit in defendant's argument premised upon judicial estoppel, as the People neither argued for nor prevailed upon a contrary position in a prior proceeding (see Saratoga County Water Auth. v Gibeault, 103 AD3d 1017, 1020 [2013]; compare Mass v Cornell Univ., 253 AD2d 1, 5 [1999], affd 94 NY2d 87 [1999]).

Lahtinen, J.P., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court