*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    516526
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
          v                                MEMORANDUM AND ORDER

JASON BOWER,
                        Appellant.
_____

Calendar Date:  March 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        James P. Milstein, Public Defender, Albany (Christopher J. Ritchey of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Lamont, J.), entered October 22, 2014 in Albany County, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

        Defendant was convicted in 2007 of various federal offenses, including one pertaining to child pornography that rendered him subject to the Sex Offender Registration Act (see 18 USC § 2252A [a] [2]; Correction Law §§ 168-a [2] [d]; 168-d). After his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level I sex offender.  Both the Board and the People argued that an upward

departure was warranted and, following a hearing, Supreme Court agreed.  Supreme Court accordingly classified defendant as a risk level II sex offender.  Defendant now appeals, arguing that an upward departure was not warranted.

We disagree and affirm.  "Under settled law, an upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Walker, 105 AD3d 1154, 1155 [2013], lv denied 21 NY3d 857 [2013] [internal quotation marks and citations omitted]; see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]).  Supreme Court relied upon facts contained in the case summary and federal presentence investigation report, both of which indicated that defendant's conviction arose from his sexually explicit online communications with an underage boy in England.  The two exchanged sexually graphic images and, after the victim reached the age of consent in England, defendant made plans to meet the victim for sexual purposes.  The plot was uncovered by the victim's mother, however, and defendant was apprehended by law enforcement officials at the airport prior to his departure.  Given these undisputed facts, Supreme Court appropriately found that the risk assessment instrument did not adequately take into account the nature of defendant's conduct, and we perceive no abuse of discretion in its classification of defendant as a risk level II sex offender (see People v DeDona, 102 AD3d 58, 69-70 [2012]; People v Gosek, 98 AD3d 1309, 1310 [2012]; People v Curthoys, 77 AD3d 1215, 1216 [2010]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court