■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. CRUZ, Appellant. [22 NYS3d 251]—

Egan Jr., J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered March 28, 2014, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant abducted the victim, who was his former girlfriend, from a parking lot by threatening her with a knife and then drove to a hotel room where he forced her to engage in sex. In satisfaction of an indictment charging him with numerous crimes arising from this incident, defendant pleaded guilty to rape in the second degree and kidnapping in the second degree and was sentenced to concurrent prison terms of five years to be followed, respectively, by a 10-year period and a five-year period of postrelease supervision. Prior to defendant's release from prison, the Board of Examiners of Sex Offenders evaluated defendant for purposes of determining his sex offender risk level classification and prepared a Risk Assessment Instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) presumptively classifying him as risk level one sex offender. The Board, however, recommended an upward departure to a risk level two classification. Following a hearing, County Court adopted the Board's recommendation and classified defendant as a risk level two sex offender. Defendant now appeals.

We affirm. It is well settled that "[a]n upward departure from a presumptive risk level classification may be ordered where there is clear and convincing evidence of an aggravating factor not otherwise taken into account in the RAI" (*People v Adam*, 126 AD3d 1169, 1170 [2015], *lv denied* 25 NY3d 911 [2015]; *see People v Bower*, 127 AD3d 1507, 1508 [2015], *lv denied* 26 NY3d 910 [2015]). The evidence considered in making this assessment may consist of reliable hearsay, including the case summary and the presentence investigation report (*see People v Bower*, 127 AD3d at 1508; *People v Adam*, 126 AD3d at 1170).

Here, the Board recommended an upward departure based upon reliable hearsay establishing that defendant transported the victim to the place of the sexual assault by threat of violence, released her only after she made commitments for future sexual contact and, after he was arrested, instructed the victim as to what she should do in order to reduce his sentence. These aggravating factors evinced a pattern of premeditated and manipulative behavior that was not adequately taken into account in the RAI. Accordingly, inasmuch as clear and convincing evidence supports County Court's adoption of the Board's recommendation, we find no reason to disturb its order classifying defendant as a level two sex offender (*see People v Bower*, 127 AD3d at 1508; *People v O'Connell*, 95 AD3d 1460, 1460-1461 [2012]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.