■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSICA E. ROWE, Appellant. [25 NYS3d 696]—

Rose, J. Appeal from an order of the County Court of Delaware County (Becker, J.), entered February 24, 2014, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted upon her guilty plea to promoting an obscene sexual performance by a child and sentenced to six months in jail and 10 years of probation. The conviction stems from defendant's actions in taking sexually explicit photographs of a four-year-old female victim and sending them to an unknown male on social media for his sexual gratification, and, thereafter, among other things, engaging in graphic online conversations with him discussing sexual acts that the child could perform on him and the pleasure that defendant would personally derive from such activity. The People submitted a risk assessment instrument (hereinafter RAI) that requested a risk level two assessment as an upward departure from a presumptive risk level one classification in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C) based upon, among other factors, defendant's lack of remorse and understanding with regard to her conduct. Following a hearing, County Court determined that, although defendant's presumptive RAI score was in the risk level one category, an upward departure was warranted and thereafter classified defendant as a risk level two sex offender. Defendant now appeals and we affirm.

An "[u]pward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (*People v Becker*, 120 AD3d 846,

847 [2014], *lv denied* 24 NY3d 908 [2014] [internal quotation marks and citation omitted]; *see People v Gillotti*, 23 NY3d 841, 861-862 [2014]; *People v Adam*, 126 AD3d 1169, 1170 [2015], *lv denied* 25 NY3d 911 [2015]). In making this determination, County Court "may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument" (*People v Adam*, 126 AD3d at 1170 [internal quotation marks omitted]). Here, the court properly considered detailed information contained in the presentence investigation report demonstrating that defendant had no comprehension that her online sexual conversation with an unknown male concerning his sexual fantasies involving children and her own avowed pleasure in describing the sexual acts that her four-year-old victim could perform for him were at all inappropriate. The court also considered that defendant and her current treatment provider rationalized defendant's behavior as the result of submissiveness and low self-esteem due to her failure to receive treatment for trauma as an adolescent. Given these circumstances, we agree that the People offered clear and convincing evidence of aggravating factors not adequately taken into consideration by the RAI that increase the risk that defendant is likely to reoffend, and that the court's upward modification was warranted (*see People v Labrake*, 121 AD3d 1134, 1135-1136 [2014]).

In light of our conclusion that the upward departure was proper, we need not reach defendant's challenge to the points assessed under risk factor 11 (*see People v Becker*, 120 AD3d at 848; *People v McElhearn*, 56 AD3d 978, 979 [2008], *lv denied* 13 NY3d 706 [2009]).

Peters, P.J., Garry and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.