*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 14, 2016                517857
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

FREDERICK M. LIGHTAUL JR.,
                    Appellant.
_____

Calendar Date:   February 11, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the County Court of Madison County (McDermott, J.), entered August 15, 2013, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

        Defendant pleaded guilty to the crime of attempted sexual abuse in the first degree as the result of his sexual contact with a 17-year-old girl (hereinafter the victim) and was sentenced to three years in prison.  As his release from prison neared, the Board of Examiners of Sex Offenders completed a risk assessment instrument (hereinafter RAI) that presumptively classified defendant as a risk level I sex offender and a sexually violent offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C).  The Board and the

People both recommended an upward departure to risk level II based upon defendant's prior sexual abuse of the victim's sister. Following a hearing, County Court declined to assess points under certain risk factors as recommended by the RAI and found defendant to presumptively be a risk level I sex offender. County Court nevertheless found that an upward departure was warranted and classified defendant as a risk level III sex offender and a sexually violent offender. Defendant now appeals, arguing that his classification as a risk level III sex offender was in error.

We disagree and affirm. "An upward departure from a presumptive risk level classification may be ordered where there is clear and convincing evidence of an aggravating factor not otherwise taken into account in the RAI" (People v Adam, 126 AD3d 1169, 1170 [2015], lv denied 25 NY3d 911 [2015] [citations omitted]; see People v Cruz, 134 AD3d 1357, 1358 [2015]). County Court relied upon reliable hearsay contained in the case summary, presentence investigation report and a confidential sexual assessment of defendant that reveal aggravating factors not taken into account in the RAI (see People v Adam, 126 AD3d at 1170). Foremost among those factors is that defendant abused an additional victim, as he engaged in sexual intercourse with the victim's underage sister in 2008 and was never criminally prosecuted for that conduct. Contrary to defendant's contention, the record further supports that he violated a valid order of protection by having unsupervised contact with the victim at the time of the present offense. In our view, this evidence provides clear and convincing evidence to support County Court's determination (see People v Smith, 128 AD3d 1189, 1190 [2015]; People v Nash, 114 AD3d 1008, 1009 [2014]; People v Thornton, 34 AD3d 1026, 1027 [2006], lv denied 8 NY3d 806 [2007]).

Finally, we reject defendant's argument that he was denied the effective assistance of counsel. Defense counsel successfully challenged the assessment of points on the RAI under two risk factors and raised appropriate objections to the Board's recommended departure. Thus, "[v]iewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Carey, 47 AD3d 1079, 1080 [2008], lv dismissed 10 NY3d 893

-3-                    517857

[2008]; see People v Nichols, 80 AD3d 1013, 1014 [2011]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court