*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    518832
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KELLY J. BURKE,
                        Appellant.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        James E. Long, Public Defender, Albany (Christopher J.
Ritchey of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the County Court of Albany County
(Lynch, J.), entered March 4, 2014, which classified defendant as
a risk level III sex offender pursuant to the Sex Offender
Registration Act.

        In 2010, defendant pleaded guilty in federal court to one
count of receipt of child pornography (see 18 USC § 2252A [a]
[2]) that rendered him subject to the Sex Offender Registration
Act (see Correction Law §§ 168-a [2] [d]; 168-d).  As his release
from prison neared, the Board of Examiners of Sex Offenders
completed a risk assessment instrument (hereinafter RAI) that
presumptively classified defendant as a risk level I sex
offender.  Based upon defendant's long-term use and possession of

child pornography and expressed interest in adolescent females, the Board recommended an upward departure to a risk level II. The People completed a separate RAI, assessing defendant an additional 55 points — which included an additional 30 points for the number of victims, 20 points for establishing a relationship with the victim and 5 points for defendant's prior nonviolent criminal history — and presumptively classified defendant as a risk level II sex offender. Based upon the violent acts depicted in the pornography, as well as the extent and duration of defendant's habit, the People recommended an upward departure to risk level III. Following a hearing, County Court agreed with the RAI submitted by the People as to all but one factor, presumptively assessed defendant as a risk level II sex offender, granted the People's request for an upward departure and classified defendant as a risk level III sex offender. Defendant now appeals, arguing that an upward departure was not warranted.

As an initial matter, County Court's order fails to satisfy the requirement that County Court issue a written order setting forth its findings of fact and conclusions of law (see Correction Law § 168-n [3]). "The court's single-page form order merely concluded that defendant be assigned a final risk level of three and alludes to the findings of fact and conclusions of law made on the record in open court" (People v Zayas, 57 AD3d 1179, 1179-1180 [2008] [internal quotation marks omitted]; see People v Hemmes, 110 AD3d 1387, 1388 [2013]). Despite this error, remittal is unnecessary where the court makes "oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit intelligent review" (People v Labrake, 121 AD3d 1134, 1135 [2014] [internal quotation marks and citations omitted]), "or the record is sufficient for this Court to make its own factual findings and conclusions" (People v Hemmes, 110 AD3d at 1388; see People v Young, 108 AD3d 1232, 1233 [2013], lv denied 22 NY3d 853 [2013]; People v Urbanski, 74 AD3d 1882, 1883 [2010], lv denied 15 NY3d 707 [2010]). Here, the record is sufficient to permit us to review the grounds upon which that upward departure was based.

Turning to the merits, an "upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment

guidelines, is established by clear and convincing evidence" (People v Rowe, 136 AD3d 1125, 1125 [2016] [internal quotation marks, brackets and citations omitted]; accord People v Auleta, 135 AD3d 1251, 1252 [2016], lv denied 27 NY3d 903 [2016]).  "In making this determination, County Court 'may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument'" (People v Rowe, 136 AD3d at 1126, quoting People v Adam, 126 AD3d 1169, 1170 [2015], lv denied 25 NY3d 911 [2015]), "as well as defendant's past misconduct" (People v Muirhead, 110 AD3d 1386, 1387 [2013], lv denied 23 NY3d 906 [2014]).  The People submitted reliable hearsay, including the case summary and federal presentence investigation report (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 572-573 [2009]; People v Gauthier, 100 AD3d 1223, 1224-1225 [2012]), which established that defendant had been a longstanding, heavy consumer of child pornography and that some of the material that defendant possessed depicted forms of violence.  Thus, as the record contains clear and convincing evidence of aggravating factors — specifically, the duration and nature of the child pornography used by defendant — not otherwise taken into account by the risk assessment guidelines, we find no abuse of discretion in County Court's determination that defendant is a high-risk sex offender and that an upward departure was therefore warranted (see People v Adam, 126 AD3d at 1170-1171; People v Labrake, 121 AD3d at 1135-1136).

Lahtinen, J.P., McCarthy, Rose and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court