*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 30, 2016                    520923
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JOSEPH GUYETTE,
                        Appellant.
_____


Calendar Date:   May 31, 2016

Before:   Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____


        Theresa Suozzi, Saratoga Springs, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

_____


Mulvey, J.

        Appeal from an order of the County Court of Saratoga County
(Sypniewski, J.), entered January 27, 2015, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        In satisfaction of a 74-count indictment, defendant pleaded
guilty to 10 counts each of promoting a sexual performance by a
child and possessing a sexual performance by a child and was
sentenced to concurrent prison terms of 1 to 3 years on each
count.  Prior to his release from prison, the Board of Examiners
of Sex Offenders prepared a Risk Assessment Instrument
(hereinafter RAI) pursuant to the Sex Offender Registration Act
(see Correction Law art 6-C) and assessed defendant 20 points for
risk factor 5 (age of victim), presumptively classifying

defendant as risk level I sex offender.  However, the Board and the People recommended an upward departure to a risk level II classification.  Following a hearing, County Court assessed 30 points for risk factor 3 (number of victims) and 20 points for risk factor 7 (relationship with victim as a stranger).  Although defendant's presumptive classification remained in the risk level I category, the court determined that an upward departure was warranted and thereafter classified defendant as a risk level II sex offender.  Defendant now appeals.

Initially, to the extent that defendant contends that County Court did not sufficiently set forth its findings and conclusions of law, we note that despite the lack of a detailed written order, the court "made oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit intelligent review" (People v Labrake, 121 AD3d 1134, 1135 [2014]).  Next, with regard to County Court's assessment of an additional 50 points on the RAI, we note that defendant is not aggrieved as, even with a final score of 70 points, he remained within the presumptive classification of a risk level I sex offender.  In any event, we find that the points for risk factors 3 and 7 were properly assessed as defendant possessed over 220 pornographic images of children (see People v Gillotti, 23 NY3d 23 NY3d 841, 845 [2014]), and the children in the images were clearly strangers to defendant (see People v Johnson, 11 NY3d 416, 420-421 [2008]).

Turning to the merits, we are unpersuaded by defendant's contention that the record does not contain clear and convincing evidence to support the existence of an aggravating factor that was not adequately taken into account in the RAI.  It is well settled that "an upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Bower, 127 AD3d 1507, 1508 [2015], lv denied 26 NY3d 910 [2015]; see People v Gillotti, 23 NY3d at 861-862).  The reliable hearsay evidence submitted by the People, including the case summary, presentence investigation report and defendant's sworn statement to police, established defendant's daily downloading and viewing of child

pornography for over 1½ years, and defendant admitted in his sworn statement to deviant sexual arousal by masturbation while viewing the images.  Furthermore, the evidence reveals, among other things, that defendant entered into online chats with children during which he asked about their genitalia and that they masturbate.  In view of the foregoing, County Court appropriately found that the RAI did not adequately take into account the aggravating circumstances of defendant's conduct, and we find no abuse of discretion in defendant's classification as a risk level II sex offender (see People v Rowe, 136 AD3d 1125 [2016]; People v Bower, 127 AD3d at 1508; People v Labrake, 121 AD3d at 1135-1136; People v Gauthier, 100 AD3d 1223, 1225 [2012]).

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court