Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 9, 2017                    520471
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                       MEMORANDUM AND ORDER

JOHN PARISI,
                        Appellant.
_____


Calendar Date:  January 12, 2017

Before:  Peters, P.J., Rose, Devine and Aarons, JJ.

                        _____


        Terence L. Kindlon, Public Defender, Albany (Theresa M.
Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                        _____


Rose, J.

        Appeal from an order of the County Court of Albany County
(Lynch, J.), entered January 7, 2015, which classified defendant
as a risk level three sex offender pursuant to the Sex Offender
Registration Act.

        In 2004, defendant pleaded guilty to sexual exploitation of
a minor (four counts) and aiding and abetting witness tampering
in satisfaction of an 18-count federal indictment stemming from
his production and distribution of child pornography (18 USC §§
1512, 2251 [a], [d]).  The federal presentence report
(hereinafter PSR) documented that defendant had produced and
distributed pornography depicting three child victims, which he
posted on his commercial website and charged a fee for viewing;

he also possessed over 100 images of child pornography on his computer and a CD containing movies depicting 10 children in sexually explicit poses.  Prior to his release from federal prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender, assessing 60 points — 30 points each for risk factor 3 (number of victims, three or more) and risk factor 5 (age of victim, 10 or less).  The Board also recommended an upward departure to a risk level two classification, based on defendant's commercial production and distribution of child pornography.  The People then submitted a risk assessment instrument that scored 80 points, presumptively classifying defendant as a risk level two sex offender, agreeing with the Board's assessment of points, but adding 20 points for risk factor 7 (stranger relationship with the victim).  The People further recommended an upward departure to a risk level three sex offender.  Following a hearing, County Court found that defendant was a presumptive risk level two sex offender based upon a score of 80 as submitted by the People and, after determining that an upward departure was warranted, classified him as a risk level three sex offender.  Defendant now appeals.

We affirm.  We are unpersuaded by defendant's contention that the record does not contain sufficient reliable evidence supporting the assessment of points under risk factor 7.  This risk factor requires the People to establish that the crime "was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; see People v Gillotti, 23 NY3d 841, 852 [2014]).  The People relied upon the PSR which established that defendant possessed over 100 images of child erotica and pornography of children between the ages of 10 and 17 being subjected to oral, vaginal and anal sexual contact.  At the hearing, defendant did not dispute that the PSR constituted reliable hearsay (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 572-573 [2009]) or that he had a stranger relationship with the victimized children featured in the pornographic images and videos he possessed.  Under risk factor 7, a court may assign points to a possessor of child pornography

who was a stranger to the depicted children because defendant's crime was "directed at [a] stranger" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12; see People v Gillotti, 23 NY3d at 853-854, 857; People v Johnson, 11 NY3d 416, 420-421 [2008]). Accordingly, the court properly assessed points under this risk factor (see People v Guyette, 140 AD3d 1555, 1556 [2016]; People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]; People v Weihrich, 111 AD3d 1032, 1033 [2013], lv denied 23 NY3d 905 [2014]).

Defendant further contends that County Court abused its discretion in granting the People's request for an upward departure to a risk level three sex offender. "An upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Sabin, 139 AD3d 1282, 1282 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 905 [2016]; see People v Gillotti, 23 NY3d at 861-862; People v Guyette, 140 AD3d at 1556). The reliable hearsay evidence submitted by the People, including the case summary and PSR, established that defendant was engaged in the commercial production and distribution of child pornography on a website he designed, operated and profited from (see People v Mingo, 12 NY3d at 572-573; People v Burke, 139 AD3d 1268, 1270 [2016], lv denied 28 NY3d 909 [2016]). Also, defendant had attempted to engage in sexual activity with one of his child victims as part of his production of child pornography. In view of this evidence, which was clear and convincing, County Court did not abuse its discretion in concluding that an upward departure to a risk level three classification was warranted (see People v Burke, 139 AD3d at 1270).

Peters, P.J., Devine and Aarons, JJ., concur.

-4-                    520471

ORDERED that the order is affirmed, without costs.




                ENTER:

                Robert D. Mayberger
                Clerk of the Court