People v Headwell (2017 NY Slip Op 09210)





People v Headwell


2017 NY Slip Op 09210


Decided on December 28, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2017

523194

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERIC HEADWELL, Appellant.

Calendar Date: November 20, 2017

Before: McCarthy, J.P., Rose, Devine, Mulvey and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Breslin, J.), entered March 21, 2016 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In October 2011, the then 47-year-old defendant approached the victim, a 15-year-old girl who lived in his neighborhood, on the street and, after she told him her age, he stated, "I guess I will have to wait a few years." A short time later, he obtained the victim's phone number and began leaving her messages, including asking her if she wanted to meet him in the bushes. The victim's parents contacted the State Police and an undercover police officer contacted defendant on the Internet, posing as the victim. During the next month, defendant communicated with a
police officer who he thought was the victim, telling her that he wanted to meet with her and engage in various sex acts, including intercourse. He also sent several links to pornographic websites and asked her to take off her clothes and masturbate in her bathtub. After defendant arranged to meet the person he believed to be the victim in a motel, he was arrested upon arrival and was found to be in possession of, among other things, a pornographic DVD, condoms and Viagra.
Defendant pleaded guilty to two counts of attempted disseminating indecent material to minors in the first degree, in full satisfaction of an eight-count indictment, and was sentenced to an aggregate prison term of five years, to be followed by 10 years of postrelease supervision. Prior to his release, the Board of Examiners of Sex Offenders prepared a risk assessment [*2]instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender (35 points). The Board, however, recommended an upward departure to a risk level two classification. The People adopted the RAI prepared by the Board and argued that an upward departure was warranted. Following a hearing, Supreme Court determined that an upward departure was appropriate and classified defendant as a risk level two sex offender. Defendant now appeals.
Initially, while Supreme Court did not sufficiently set forth its findings and conclusions of law in the written order, the court "made oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit intelligent review" (People v Labrake, 121 AD3d 1134, 1135 [2014] [internal quotation marks and citations omitted]; accord People v Guyette, 140 AD3d 1555, 1556 [2016]). Turning to the merits, we are not persuaded by defendant's contention that Supreme Court abused its discretion in granting the request for an upward departure to a risk level two sex offender. "An upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Parisi, 147 AD3d 1162, 1164 [2017] [internal quotation marks and citations omitted]; see People v Gillotti, 23 NY3d 841, 861-862 [2014]; People v Muirhead, 110 AD3d 1386, 1386-1387 [2013], lv denied 23 NY3d 906 [2014]). Here, given that defendant did not succeed in having sexual contact with the victim, he could not be assessed points for such contact on the RAI. The evidence in the record demonstrates, however, that defendant fully intended to have and planned for sexual contact with the victim, he arranged to meet her in a motel for the purposes of engaging in sexual intercourse and he was thwarted only by his arrest (see People v DeDona, 102 AD3d 58, 67-68 [2012])[FN1]. Defendant's voyeuristic behavior was likewise not assessed on the RAI. To that end, the record reflects that defendant admitted to watching the victim and her mother through their windows and in their backyard, and he believed that they were "flirting with [him]." He also admitted to watching a "17 or 18 year-old-girl" from his garage through the curtain in her bedroom. In light of the foregoing, we find that the People proved, by clear and convincing evidence, the presence of aggravating factors not adequately taken into consideration by the RAI, and that Supreme Court's upward modification was therefore warranted (see People v Guyette, 140 AD3d at 1556; People v Sabin, 139 AD3d 1282, 1283 [2016], lv denied 28 NY3d 905 [2016]; People v Rowe, 136 AD3d 1125, 1126 [2016]).
McCarthy, J.P., Rose, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendant's online interactions were with an undercover police officer, defendant thought that he was communicating with his 15-year-old neighbor and the officer can constitute a victim pursuant to the Sex Offender Registration Act (see People v Hemmes, 110 AD3d 1387, 1388 [2013]; People v Agnew, 68 AD3d 526, 526 [2009], lv denied 14 NY3d 705 [2010]).