People v Eiss (2018 NY Slip Op 00872)





People v Eiss


2018 NY Slip Op 00872


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

523663

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ARTHUR EISS, Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Albany County (Lynch, J.), entered June 9, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2013, defendant was convicted of promoting a sexual performance by a child. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6—C) designating him as a presumptive risk level one sex offender but also recommending an upward departure to a risk level two sex offender. The People assessed defendant as a presumptive risk level two sex offender and sought an upward departure to a risk level three sex offender. After a hearing,
County Court found that the People had established, by clear and convincing evidence, that defendant was a presumptive risk level two sex offender but further found that an upward departure to a risk level three sex offender was warranted. Defendant appeals, and we affirm.
Initially, we reject defendant's arguments that he was improperly assessed 30 points under risk factor 3, for number of victims, and 20 points under risk factor 7, for a crime directed at strangers. Reliable hearsay evidence established that defendant's computer contained hundreds of images and videos of child pornography. This proof, along with defendant's description of his child pornography habit, provided the requisite clear and convincing evidence that there were more than three victims and that the crime was directed at strangers (see People v Johnson, 11 NY3d 416, 420-421 [2008]; People v Parisi, 147 AD3d 1162, 1164 [2017]; People v Guyette, [*2]140 AD3d 1555, 1556 [2016]).
Moreover, we find no reason to disturb County Court's conclusion that an upward departure was warranted. "[A]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Guyette, 140 AD3d at 1556 [internal quotation marks and citation omitted]). Here, as proof of aggravating factors, County Court relied on the fact that defendant possessed hundreds of images of child pornography, on the duration of defendant's child-pornography habit and on the fact that defendant had been apprehended while he was about to board a one-way flight to the Philippines. The record amply supports these conclusions, and we find that County Court did not abuse its discretion in finding that the risk assessment instrument did not adequately account for these aggravating circumstances that increased the likelihood that defendant would reoffend and that a risk level three classification was warranted (see People v Guyette, 140 AD3d at 1556; People v Rowe, 136 AD3d 1125, 1126 [2016]; People v Gauthier, 100 AD3d 1223, 1226 [2012]).
Defendant also alleges that he was provided ineffective assistance of counsel. These allegations regard counsel's communications with defendant and pertain to matters outside of the record. Defendant's avenue for pursuing a nonrecord-based claim of ineffective assistance of counsel was to move before County Court to vacate the order, which would have provided him with an opportunity to develop a record to support his allegations (see People v Johnson, 142 AD3d 1061, 1061 [2016], lv dismissed 28 NY3d 1104 [2016]; People v Brown, 125 AD3d 1380, 1381 [2015]). Defendant failed to make such a motion, and this record is devoid of support for his claim that he was provided ineffective assistance. Defendant's remaining arguments are also without merit.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.