People v Gressler (2018 NY Slip Op 07804)





People v Gressler


2018 NY Slip Op 07804


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

524235

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHARLES J. GRESSLER, Appellant.

Calendar Date: October 9, 2018

Before: Devine, J.P., Mulvey, Rumsey and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.P.
Appeal from an order of the County Court of Rensselaer County (Ceresia, J.), entered October 28, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 1995, defendant was convicted of sodomy in the first degree and two counts of sexual abuse in the first degree. In anticipation of his release from custody, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art
6-C) designating him as a presumptive risk level three sex offender. After a hearing, County Court reduced defendant's score to 140 points and found that the People had established, by clear and convincing evidence, that defendant was a risk level three sex offender. Defendant appeals, and we affirm.
Defendant's sole contention is that he was denied the effective assistance of counsel. Contrary to defendant's arguments, his representation was not rendered ineffective by counsel's decision not to seek a downward departure based on defendant's age — 48 years old at the time of the determination — and his diagnosis with attention deficit disorder (see People v Butler, 161 AD3d 1232, 1232-1233 [2018], lv denied 32 NY3d 904 [2018]). In addition, although defendant notes that the presentence report (hereinafter PSR) refers to an apparent factual inaccuracy regarding the nature of defendant's sexual contact with one of the victims, defense counsel raised the inaccuracy at the hearing and objected to consideration of the PSR. In any event, County Court set forth that its determination was based upon the accurate case summary in addition to the PSR with respect to defendant's conduct.
In light of the foregoing, and given that defense counsel raised appropriate objections and successfully challenged the assessment of points on the risk assessment instrument, we are [*2]satisfied that defendant received meaningful representation (see id.; People v Lightaul, 138 AD3d 1256, 1258 [2016], lv denied 28 NY3d 907 [2016]).
Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.