People v Mangione (2019 NY Slip Op 00733)





People v Mangione


2019 NY Slip Op 00733


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


135 KA 16-02252

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS MANGIONE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 29, 2016. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). The Board of Examiners of Sex Offenders (Board) assessed a score of 30 points against defendant, making him a presumptive level one risk, but recommended an upward departure to a level two risk based on the existence of aggravating factors. Supreme Court agreed with the Board's recommendation. As defendant correctly concedes, his contention that the record does not contain clear and convincing evidence establishing the existence of the aggravating factors is unpreserved. In any event, that contention lacks merit and, contrary to defendant's further contention, the court properly concluded that the aggravating factors outweighed defendant's mitigating circumstances (see People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Guyette, 140 AD3d 1555, 1556 [3d Dept 2016]; see generally People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018]).
We reject defendant's additional contention that he was denied effective assistance of counsel. "It is well established that [a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success' " (People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, although defendant contends that his assigned counsel was ineffective for, inter alia, failing to challenge the aggravating factors listed by the Board, the record establishes that there was no colorable basis for making such a challenge. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court