People v Lavelle (2019 NY Slip Op 03711)





People v Lavelle


2019 NY Slip Op 03711


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

526338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL LAVELLE, Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from order of the County Court of Schenectady County (Sypniewski, J.), entered June 6, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant was convicted of attempted dissemination of indecent material to a minor in the first degree and was sentenced to 1½ years in prison, followed by 10 years of postrelease supervision. The conviction stemmed from sexually explicit communications that defendant had with a 13-year-old girl through social media and by sending text messages to her cell phone. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders conducted an inquiry to determine defendant's sex offender classification under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). According to the risk assessment instrument (hereinafter RAI) prepared by the Board, defendant scored a 55, presumptively placing him in the risk level one classification under SORA. However, based upon statements that defendant made during an interview with the police following his arrest, the Board recommended an upward departure to a risk level two classification. The People concurred with the Board's recommendation and, following a hearing, County Court executed a standard final risk level classification form placing him in risk level two. Defendant appeals.
Initially, Correction Law § 168-n (3) requires County Court, at the conclusion of a SORA hearing, to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." "Such order must be in writing and entered and filed in the office of the clerk of the court where the action is triable" (People v Kemp, 130 AD3d 1132, 1132-1133 [2015] [internal quotation marks and citations omitted]; see People v Scott, 157 AD3d 1070, 1071 [2018]). Here, the order does not set forth the court's written findings of fact and conclusions of law. Nevertheless, inasmuch as the court "'made oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit [*2]intelligent review'" (People v Headwell, 156 AD3d 1263, 1264 [2017], lv denied 31 NY3d 902 [2018], quoting People v Labrake, 121 AD3d 1134, 1135 [2014] [internal quotation marks and citations omitted]; see People v Hemmes, 110 AD3d 1387, 1388 [2013]), remittal is unnecessary.
Turning to the merits, defendant's sole contention is that County Court abused its discretion in granting an upward departure from the presumptive risk level one classification set forth in the RAI, resulting in his placement in the risk level two classification. We disagree. "'An upward departure from a presumptive risk classification is justified when an aggravating factor exits that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence'" (People v Eiss, 158 AD3d 905, 906 [2018] [brackets omitted], lv denied 31 NY3d 907 [2018], quoting People v Guyette, 140 AD3d 1555, 1556 [2016]; see People v Cullen, 160 AD3d 1142, 1143 [2018], lv denied 31 NY3d 913 [2018]). Here, the upward departure was based upon disturbing statements that defendant made to the police at the time of his arrest. Specifically, he acknowledged his sexual attraction to young girls, which he described as an addiction, and indicated that he was afraid that he might not be able to control himself and might molest his own daughter — who was then two or three years old — when she reached the age of 11 or 12. These statements are substantiated by the case summary, presentence investigation report, videotape of the police interview and defendant's own admission at the SORA hearing.
Defendant's proclivity to potentially molest his own daughter when she reaches the age which is the trigger for his admitted sexual addiction to young girls is not a factor already taken into account by the RAI. Moreover, there is clear and convincing evidence, most significantly defendant's own admission, supporting an upward departure on this basis. Although defendant maintains that such statements were made when he was under extreme stress and for the purpose of convincing the police to get him therapeutic treatment, we do not find this to be a persuasive reason for rejecting the request for an upward departure. Under the circumstances presented, we find that County Court did not abuse its discretion and decline to disturb defendant's classification as a risk level two sex offender (see People v Eiss, 158 AD3d at 907; People v Jackson, 139 AD3d 1031, 1032 [2016]; People v Tooley, 84 AD3d 1752, 1752 [2011], lv denied 17 NY3d 707 [2011]; People v Thornton, 34 AD3d 1026, 1027 [2006], lv denied 8 NY3d 806 [2007]).
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.