People v Phillips (2019 NY Slip Op 08455)





People v Phillips


2019 NY Slip Op 08455


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

525177

[*1]The People of the State of New York, Respondent,
v
Jason Phillips, Appellant.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Devine, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered May 3, 2017, which classified defendant as a risk level two sex offender under the Sex Offender Registration Act.
In 2009, after a large amount of child pornography was discovered on defendant's computer, he pleaded guilty to 110 counts of possessing photographs and videos depicting a sexual performance by a child in violation of a Florida penal statute. He was sentenced to 40 years in prison, with 30 years suspended, and 15 years of probation. In 2017, defendant was released from prison and relocated to Albany County. He was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), and the Board of Examiners of Sex Offenders prepared a risk assessment instrument placing him in the risk level one classification (30 points). Following a hearing, County Court classified defendant as a risk level two sex offender (total of 80 points) based upon its assignment of 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victim) and 20 points under risk factor 7 (relationship to victim). Defendant appeals.
Defendant contends that the evidence in the record does not support County Court's assignment of points under risk factors 3, 5 and 7. In establishing the appropriate risk level classification under SORA, the People "bear the burden of proving the facts supporting the determination[] sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]; People v Secor, 171 AD3d 1314, 1315 [2019]). With regard to risk factor 3, the Court of Appeals has recognized that "the children depicted in child pornography are necessarily counted as victims under factor 3
. . . [and this factor] permits the assessment of 30 points whenever '[t]here were three or more victims' involved in a defendant's current sex crime" (People v Gillotti, 23 NY3d 841, 855 [2014], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Yingst, 167 AD3d 1561, 1561-1562 [2018]). Such children are also counted as victims under risk factor 5, which provides for the assessment of 30 points for victims 10 years of age or younger (see People v Mangan, 174 AD3d 1337, 1338 [2019]; People v Crosley, 161 AD3d 1462, 1462 [2018]). Likewise, risk factor 7 extends to children depicted in child pornography who are strangers to the offender and allows for the assessment of 20 points (see People v Johnson, 11 NY3d 416, 420-421 [2008]; People v Parisi, 147 AD3d 1162, 1163-164 [2017]).
Here, County Court relied upon the information contained in the Florida presentence investigation report (hereinafter PSI) and the case summary prepared by the Board to support defendant's risk level two classification. The Florida PSI indicates that an acquaintance of defendant found files on his computer that appeared to contain child pornography. The acquaintance took a photograph of the screen showing the names of the files — which include graphic descriptions of sexual activities involving minors both above and under the age of 10 — and he shared that photograph with the police. The case summary reveals that, after obtaining a search warrant, the police accessed defendant's computer and found 41 videos depicting children under the age of 18 engaged in sexual activities and 66 digital photographs of children in sexual situations. The case summary further references records of the Florida Department of Corrections containing defendant's admission to downloading child pornography onto his computer. Contrary to defendant's claim, the PSI and case summary constitute reliable hearsay and provide clear and convincing evidence supporting defendant's classification as a risk level two sex offender (see People v Crosley, 161 AD3d at 1462-1463; People v Burke, 139 AD3d 1268, 1270 [2016], lv denied 28 NY3d 909 [2016]).
Defendant also argues that County Court abused its discretion in failing to grant his request for a downward departure but, inasmuch as the record does not contain any findings or conclusions from County Court on that request, we are unable to assess the court's reasoning. We therefore reverse and remit so that County Court may "determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score" and to set forth its findings of fact and conclusions of law as required (People v Gillotti, 23 NY3d at 861; see Correction Law § 168-n [3]; People v Darrah, 153 AD3d 1528, 1529 [2017]; People v Davis, 145 AD3d 1625, 1626 [2016], lv dismissed 29 NY3d 976 [2017]).
Garry, P.J., Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.