People v Quinto (2025 NY Slip Op 00466)

People v Quinto

2025 NY Slip Op 00466

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2017-09148

[*1]The People of the State of New York, respondent, 
v
Donato Quinto, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered August 7, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). After a hearing held pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, inter alia, granted the People's application for an upward departure from the defendant's presumptive risk level one to risk level two and designated the defendant a level two sex offender.
An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Gillotti, 23 NY3d 841, 861; People v Hernandez, 204 AD3d 946). Here, the People established, by clear and convincing evidence, the existence of aggravating factors warranting an upward departure from the defendant's presumptive risk level, including the substantial number of files of child pornography the defendant possessed and the lengthy period of time the defendant collected child pornography (see People v Kopstein, 186 AD3d 757, 758-759; People v Baker, 181 AD3d 908, 909; People v Paul, 168 AD3d 1004, 1005; see also People v Labrake, 121 AD3d 1134, 1135).
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure and designating the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court