People v Sandikci (2026 NY Slip Op 00647)

People v Sandikci

2026 NY Slip Op 00647

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-25-0002
[*1]The People of the State of New York, Respondent,
vRecep Sandikci, Appellant.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Albany County (William Little, J.), entered April 12, 2024, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to the federal crimes of travel with intent to engage in illicit sexual conduct and transfer of obscene material to minors and, in 2021, was sentenced to 71 months in prison, to be followed by 15 years of postrelease supervision (see 18 USC §§ 1470, 2423 [b]). The convictions stemmed from sexually explicit online communications between the 45-year-old defendant and a 13-year-old girl (hereinafter the victim) that began in July 2019. The victim's mother discovered what was going on and alerted the authorities, after which an undercover officer posing as the victim arranged a meeting with defendant in Albany County. Defendant drove from his home in New Jersey to the meetup location on August 6, 2019, and was arrested. After his release to a re-entry facility in 2023, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender (40 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) and recommended an upward departure to risk level two. At the ensuing hearing, neither party contested the points assessed by the Board, but the People advocated for an upward departure to risk level three. County Court thereafter determined that an upward departure was appropriate but, noting the People's failure to justify a departure from risk level one to risk level three, classified defendant as a risk level two sex offender. Defendant appeals.
We affirm. "An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Richardson, 209 AD3d 1068, 1069 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 908 [2023]; see People v Weber, 40 NY3d 206, 210 [2023]; People v Newkirk, 241 AD3d 1683, 1685 [3d Dept 2025]). "In making its determination, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument" (People v Nash, 114 AD3d 1008, 1008 [3d Dept 2014] [citations omitted]; see Correction Law §§ 168-d [3]; 168-n [3]; People v Newkirk, 241 AD3d at 1684).
County Court here relied upon the case summary and the federal presentence report — which included defendant's admissions to investigators, transcripts of his communications with the victim, and a description of the items found in his possession after his arrest and the contents of his cell phone — reflecting that defendant intended to subject the victim to sexual contact when he met her and was only prevented from doing so because the [*2]involvement of law enforcement instead resulted in his arrest. The proof further showed that his interaction with the victim was not an isolated incident, as he had engaged in sexually explicit Internet conversations with several other people who claimed to be underage girls prior to his arrest. To be sure, defendant questioned the quality of proof on other issues such as whether he had actually had sex with minors as an adult, and he suggested that his marriage to an adult female, his advancing age and his engagement with treatment while incarcerated were factors mitigating against the need for an upward departure. County Court nevertheless appropriately found from the totality of the circumstances "that the risk assessment instrument did not adequately take into account the nature of defendant's conduct, and we perceive no abuse of discretion in its classification of defendant as a risk level two sex offender" (People v Bower, 127 AD3d 1507, 1508 [3d Dept 2015], lv denied 26 NY3d 910 [2015]; see People v Trovato, 222 AD3d 673, 675 [2d Dept 2023], lv denied 42 NY3d 913 [2025]; People v Headwell, 156 AD3d 1263, 1264 [3d Dept 2015], lv denied 31 NY3d 902 [2018]; People v DeDona, 102 AD3d 58, 69-70 [2d Dept 2012]).
Aarons, J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.