■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WASLEY, Appellant. [902 NYS2d 686]—

Mercure, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered April 16, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1997, defendant pleaded guilty to sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and was sentenced to a prison term of 9 to 18 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument, presumptively classifying defendant as a risk level two sex offender (105 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommending an upward departure from that risk level. Following a risk assessment hearing, County Court reduced defendant's total risk factor score to 85 points, still within the risk level two classification, but concluded that an upward departure to risk level three was warranted. Defendant now appeals.

We affirm. "To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d

703 [2008] [citations omitted]). Notably, evidence included in the case summary may provide clear and convincing evidence in determining a defendant's risk assessment level where defendant did not dispute its contents insofar as relevant (*see People v D'Adamo*, 67 AD3d 1132, 1133-1134 [2009]; *People v Mann*, 52 AD3d 884, 886 [2008]; *People v Joslyn*, 27 AD3d 1033, 1034 [2006]). Here, County Court articulated that an upward modification was warranted based upon defendant's current and previous convictions, as well as evidence in the case summary of defendant's conduct surrounding the 1997 conviction. Initially, we agree with defendant that his current and prior convictions were properly considered by the current offense and criminal history portions of the risk assessment guidelines and cannot be considered aggravating factors warranting a departure. Contrary to defendant's contention, however, evidence in the case summary concerning his egregious conduct surrounding the 1997 conviction was not adequately taken into consideration by the risk assessment guidelines and, thus, could be relied on by County Court as justification for an upward departure. Specifically, there is evidence that, after the victim's mother was alerted by a neighbor that the victim, a six-year-old boy, had followed defendant into his house, the mother and the neighbor looked in the window and the victim's mother then attempted to rescue the victim, but was prevented from doing so when defendant locked the door to his house. Under these circumstances, we conclude that County Court properly relied upon factors not adequately taken into consideration by the risk assessment guidelines and, accordingly, we decline to disturb the upward departure.

Cardona, P.J., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.