■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS R. GREENE, Appellant. [920 NYS2d 740]—

Appeal from an order of the County Court of Broome County (Smith, J.), entered January 8, 2010, which granted the People's application pursuant to Correction Law § 168-o (3) for reclassification of defendant's sex offender risk level status.

Defendant previously pleaded guilty to a sex offense in Florida and, upon his relocation to Broome County in 2001, was classified as a risk level one sex offender. In 2009, defendant pleaded guilty to endangering the welfare of a child and was sentenced to a period of probation. The People thereafter (pursuant to Correction Law § 168-o [3]) sought to reclassify defendant as a risk level two sex offender, and the Board of Examiners of Sex Offenders supported that application (see Correction Law § 168-o [4]). Following a hearing, County Court reclassified defendant as a risk level two sex offender, and defendant appeals.

Correction Law § 168-o (3) permits the People to seek modification of a sex offender's risk level status where such offender has, among other things, been convicted of a new crime and the conduct underlying such crime "is of a nature that indicates an increased risk of a repeat sex offense" (see generally People v Wroten, 286 AD2d 189, 194 [2001], lv denied 97 NY2d 610 [2002]). Here, in pleading guilty to endangering the welfare of a child, defendant admitted that he engaged in inappropriate physical contact with the then five-year-old victim. Despite the fact that this conviction did not qualify as a registerable sex offense (see Correction Law § 168-a [2]), the nature of the conduct underlying it is sufficient to establish, by clear and convincing evidence (see Correction Law § 168-o [3]), that defendant is at an increased risk to reoffend. Accordingly, County Court properly granted the People's application for an upward modification of defendant's risk level classification (cf. People v Turpeau, 68 AD3d 1083 [2009], lv denied 14 NY3d 705 [2010]).

Mercure, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.