# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**828**

**KA 11-01475**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

GERARD J. RYAN, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Niagara County Court (Sara S. Sperrazza, J.), entered July 7, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court's upward departure from his presumptive classification as a level two risk to a level three risk is not supported by clear and convincing evidence. Contrary to defendant's contention, we conclude that the People presented "the requisite clear and convincing evidence 'that there exist[] . . . aggravating . . . factor[s] of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see also People v Howe*, 49 AD3d 1302).

Initially, we note that, although defendant was not assessed any points under the risk assessment instrument for a prior sex crime, there is clear and convincing evidence that he committed various sex offenses during the summers of 2005 and 2006 that resulted in two separate convictions in different counties. Such concurrent convictions may provide the basis for an upward departure if they are "indicative that the offender poses an increased risk to public safety" (Risk Assessment Guidelines and Commentary, at 14; *see People v Vasquez*, 49 AD3d 1282, 1284-1285; *see also People v Neuer*, 86 AD3d 926, 927, *lv denied* 17 NY3d 716). There is also clear and convincing

evidence that defendant lived a transient lifestyle, traveling between campgrounds (*see People v Briggs*, 86 AD3d 903, 905) and, indeed, that he committed sex offenses at those campgrounds.

Finally, it appears that the Board of Examiners of Sex Offenders did not consider defendant's convictions of endangering the welfare of a child in its assessment of points under the risk assessment instrument, inasmuch as that offense does not fall within the definition of a sex offense for registration purposes (*see* Correction Law § 168-a [2]; *People v Brown*, 45 AD3d 1123, 1124, *lv denied* 10 NY3d 703).  Nevertheless, defendant's convictions of endangering the welfare of a child appear to have been based on his having exposed himself to his stepgrandchildren, and we agree with the court that such conduct was not adequately taken into account by the risk assessment instrument (*see Brown*, 45 AD3d at 1124; *see also Vasquez*, 49 AD3d at 1283-1285).  We thus conclude that the record establishes that "the risk of repeat offense is high and there exists a threat to the public safety" to warrant an upward departure to a level three risk (§ 168-*l* [6] [c]).

Entered:  June 29, 2012                        Frances E. Cafarell
                                               Clerk of the Court