McCarthy, J.
Appeal from an order of the Supreme Court (Ryan, J.), entered September 10, 2012 in Clinton County, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.
In July 2008, defendant was convicted of rape in the third degree, sexual misconduct and endangering the welfare of a child for engaging in inappropriate sexual contact with a 15-year-old relative and was thereafter sentenced to an aggregate prison term of four years, followed by five years of postrelease supervision. In preparation for his release from incarceration, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level I sex offender (see Correction Law art 6-C), but that also recommended an upward departure to a risk level II. Following a hearing, Supreme Court agreed with the Board’s assessment of points and further concluded that an upward departure to a risk level II was appropriate. Defendant now appeals.
We affirm. Upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence (see People v Wells, 101 AD3d 1407, 1408 [2012]; People v Farrell, 78 AD3d 1454, 1455 [2010]). In making its determination, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument (see People v Mingo, 12 NY3d 563, 573 [2009]; People v Stewart, 77 AD3d 1029, 1030 [2010]). The nature of the conduct underlying a conviction, if not accounted for in the risk assessment instrument, may form the basis for an upward modification of a defendant’s risk level (see People v Greene, 83 AD3d 1304, 1304 *1009 [2011], lv denied 17 NY3d 706 [2011]; People v Wasley, 73 AD3d 1400, 1401 [2010]).
Here, defendant was assessed just five points on the risk assessment instrument for prior criminal history, as he had no prior convictions of sex crimes or felonies. However, the case summary and presentence investigation report establish that, underlying his October 2003 conviction for attempted assault in the third degree, defendant drove a 19-year-old woman to a secluded area and subjected her to forcible sexual intercourse. That conduct, considered in conjunction with evidence that defendant had previously violated an order of protection, violated probation and threatened witnesses — other factors not previously taken into consideration — provides clear and convincing evidence to support Supreme Court’s upward modification of defendant’s classification to a risk level II (see People v Greene, 83 AD3d at 1304; People v Wasley, 73 AD3d at 1401). We have considered defendant’s remaining contentions and have found them to be without merit.
Lahtinen, J.E, Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.