*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    515775
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

LESLIE L. BECKER,
                        Appellant.
_____


Calendar Date:   June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____


        Adam G. Parisi, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____


Devine, J.

        Appeal from an order of the County Court of Schenectady
County (Drago, J.), entered September 21, 2012, which classified
defendant as a risk level III sex offender and a sexually violent
offender pursuant to the Sex Offender Registration Act.

        Defendant was convicted in 2000 of numerous crimes stemming
from a sexual assault upon an elderly family member, and was
sentenced to an aggregate prison term of 15 years to be followed
by postrelease supervision of five years (288 AD2d 766 [2001],
lvs denied 97 NY2d 751 [2002]).  The Board of Examiners of Sex
Offenders prepared a risk assessment instrument pursuant to the
Sex Offender Registration Act (see Correction Law art 6-C) that
scored defendant as having 75 points, presumptively classifying
him as a risk level II sexually violent offender.  Following a

hearing, County Court assessed defendant an additional 20 points under risk factor 6 (helplessness of victim). Defendant remained in the risk level II category with a score of 95 points, but County Court nonetheless found an upward departure to be warranted and classified him as a risk level III sexually violent offender. Defendant now appeals.

We affirm. "Upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Nash, 114 AD3d 1008, 1008 [2014] [citations omitted]; see People v Muirhead, 110 AD3d 1386, 1387 [2013], lv denied ___ NY3d ___ [June 26, 2014]). In that regard, County Court was free to consider "reliable hearsay, including information contained in the case summary, risk assessment instrument and presentence investigation report, as well as 'any victim's statement'" (People v Burch, 90 AD3d 1429, 1430-1431 [2011] [internal citations omitted], quoting Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 576 [2009]). Shortly after he was sentenced for the offenses at issue here, defendant was also convicted of unlawful imprisonment in the second degree, a conviction that was not addressed in the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]). County Court considered an affidavit of the victim of that offense, who averred that defendant restrained her for several hours and threatened to rape and kill her, and that she only escaped when other individuals arrived on the scene. This evidence of the separate conviction and the facts underlying it "provide[d] clear and convincing evidence to support the upward departure from the presumptive risk level classification" (People v Burch, 90 AD3d at 1431; see People v Neuer, 86 AD3d 926, 927 [2011], lv denied 17 NY3d 716 [2011]; see also People v Greene, 83 AD3d 1304, 1304 [2011], lv denied 17 NY3d 706 [2011]).

In light of the foregoing, we need not reach defendant's argument regarding the points assessed under risk factor 6 (see People v McElhearn, 56 AD3d 978, 979 [2008]).

Stein, J.P., McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court