Devine, J.
Appeal from an order of the County Court of Schenectady County (Drago, J.), entered September 21, 2012, which classified defendant as a risk level three sex offender and *847 a sexually violent offender pursuant to the Sex Offender Registration Act.
Defendant was convicted in 2000 of numerous crimes stemming from a sexual assault upon an elderly family member, and was sentenced to an aggregate prison term of 15 years to be followed by postrelease supervision of five years (288 AD2d 766 [2001], lvs denied 97 NY2d 751 [2002]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that scored defendant as having 75 points, presumptively classifying him as a risk level two sexually violent offender. Following a hearing, County Court assessed defendant an additional 20 points under risk factor 6 (helplessness of victim). Defendant remained in the risk level two category with a score of 95 points, but County Court nonetheless found an upward departure to be warranted and classified him as a risk level three sexually violent offender. Defendant now appeals.
We affirm. “Upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence” (People v Nash, 114 AD3d 1008, 1008 [2014] [citations omitted]; see People v Muirhead, 110 AD3d 1386, 1387 [2013], lv denied 23 NY3d 906 [2014]). In that regard, County Court was free to consider “reliable hearsay, including information contained in the case summary, risk assessment instrument and presentence investigation report, as well as ‘any victim’s statement’ ” (People v Burch, 90 AD3d 1429, 1430-1431 [2011] [citations omitted], quoting Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 576 [2009]). Shortly after he was sentenced for the offenses at issue here, defendant was also convicted of unlawful imprisonment in the second degree, a conviction that was not addressed in the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). County Court considered an affidavit of the victim of that offense, who averred that defendant restrained her for several hours and threatened to rape and kill her, and that she only escaped when other individuals arrived on the scene. This evidence of the separate conviction and the facts underlying it “provide [d] clear and convincing evidence to support the upward departure from the presumptive risk level classification” (People v Burch, 90 AD3d at 1431; see People v Neuer, 86 AD3d 926, 927 [2011], lv denied 17 NY3d 716 [2011]; see also People v Greene, 83 AD3d 1304, 1304 [2011], lv denied 17 NY3d 706 [2011]).
*848 In light of the foregoing, we need not reach defendant’s argument regarding the points assessed under risk factor 6 (see People v McElhearn, 56 AD3d 978, 979 [2008]).
Stein, J.R, McCarthy, Garry and Lynch, JJ., concur.
Ordered that the order is affirmed, without costs.