■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILMER PADIN, Appellant. [995 NYS2d 229]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated November 13, 2013, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] guidelines' " (*People v Richardson*, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). " '[T]he People must prove the facts in support of the aggravating factor by clear and convincing evidence' " (*People v Richardson*, 101 AD3d at 837-838, quoting *People v Wyatt*, 89 AD3d 112, 123 [2011]). Here, in light of the extreme brutality and violence of the defendant's conduct in the commission of the underlying crime, there existed an aggravating factor which is not otherwise collectively taken into account by the guidelines, which tended to establish a higher likelihood of reoffense or danger to the community and, thus, the County Court providently exercised its discretion in granting the People's application for an upward

departure (*see People v Mantilla*, 70 AD3d 477, 478 [2010]; *People v Ferrer*, 35 AD3d 297 [2006]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.