# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**275**

**KA 14-00545**

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ELUID CALDERON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered January 31, 2014.  The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that Supreme Court's upward departure from his presumptive classification as a level one risk to a level two risk is not supported by clear and convincing evidence.  Contrary to defendant's contention, we conclude that the People presented "the requisite clear and convincing evidence 'that there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807; *see* Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary, at 4 [2006]).  It is undisputed that, at the time of his plea of guilty to criminal sexual act in the first degree (Penal Law § 130.50 [4]), defendant also pleaded guilty to an unrelated charge of assault in the second degree (§ 120.05 [2]).  Defendant was not assessed any points under the risk assessment instrument for a prior violent felony.  A concurrent conviction may provide the basis for an upward departure if it is "indicative that the offender poses an increased risk to public safety" (Risk Assessment Guidelines and Commentary, at 14; *see People v Becker*, 120 AD3d 846, 847, *lv denied* 24 NY3d 908; *People v Ryan*, 96 AD3d 1692, 1693, *lv dismissed* 20 NY3d 929), and, under the circumstances presented, we conclude that the court did not err in granting the People's request for an upward departure from a level one risk to a

level two risk (*see generally Ryan*, 96 AD3d at 1693; *People v Lowery*, 93 AD3d 1269, 1271, *lv denied* 19 NY3d 807).

Entered:  March 20, 2015                              Frances E. Cafarell
                                                     Clerk of the Court