*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    518911
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
          v                                   MEMORANDUM AND ORDER

FRANCIS AULETA,
                        Appellant.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Bittany L.
Grome of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the County Court of Albany County
(Herrick, J.), entered February 24, 2014, which classified
defendant as a risk level III sex offender and a sexually violent
offender pursuant to the Sex Offender Registration Act.

        Defendant lured a young woman to his restaurant under the
auspices of offering her employment as a waitress and then
proceeded to physically subdue her with rope, rape her and force
her to perform oral sex on him while holding a gun to her head.
As a result, he was convicted of, among other crimes, rape in the
first degree, and thereafter he was sentenced to 12½ to 25 years
in prison.  Prior to his release from prison, the Board of
Examiners of Sex Offenders evaluated defendant and prepared a
risk assessment instrument (hereinafter RAI), which recommended

that he be classified as a risk level II sex offender and a sexually violent offender under the Sex Offender Registration Act (see Correction Law art 6-C).  Following a hearing, County Court found that defendant was a sexually violent offender and was presumptively classified as a risk level II sex offender under the RAI, but granted the People's application for an upward departure based upon the violent and egregious nature of defendant's conduct that was not reflected in the RAI. Consequently, County Court classified defendant as a risk level III sex offender and a sexually violent offender.  Defendant now appeals.

Initially, we note that an "[u]pward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Becker, 120 AD3d 846, 847 [2014], lv denied 24 NY3d 908 [2014] [internal quotation marks and citations omitted]; see People v Gillotti, 23 NY3d 841, 861-862 [2014]; People v Padin, 122 AD3d 600, 600 [2014], lv denied 24 NY3d 913 [2015]). Notably, upward departures have been upheld where, as here, the criminal activity was particularly egregious and, therefore, not properly taken into account by the RAI (see e.g. People v Suber, 91 AD3d 619, 620 [2012], lv denied 19 NY3d 801 [2012]; People v Wasley, 73 AD3d 1400, 1401 [2010]; People v Joslyn, 27 AD3d 1033, 1034-1035 [2006]).  Although defendant was given 30 points under the RAI for the violent nature of the crimes involving the use of a weapon, the RAI failed to reflect the premeditated nature of defendant's conduct or the deceitful and manipulative manner in which the victim was drawn to the crime scene.  The RAI also did not take into account defendant's depraved and erratic behavior during the ordeal as related by the victim during her grand jury testimony.  Inasmuch as we agree that the foregoing warranted an upward departure, we find no reason to disturb County Court's classification of defendant as a risk level III sex offender. Defendant's remaining argument that he should have been classified as a risk level I sex offender is unpreserved and, in any event, without merit.

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court