*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520924
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

ABRAHAM S. SABIN,
                        Appellant.
_____

Calendar Date:   April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M.
Hollis of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the County Court of Franklin County
(Main Jr., J.), entered February 19, 2015, which classified
defendant as a risk level III sex offender pursuant to the Sex
Offender Registration Act.

        Defendant pleaded guilty to sexual abuse in the first
degree stemming from his sexual contact with a seven-year-old
girl, and he was sentenced to a prison term of seven years
followed by 10 years of postrelease supervision.  Prior to his
release from prison, the Board of Examiners of Sex Offenders
prepared a risk assessment instrument that presumptively
classified defendant as a risk level II sexually violent offender
under the Sex Offender Registration Act (see Correction Law art
6-C).  However, the Board and the People recommended an upward

departure to a risk level III.  Following a hearing, County Court determined that an upward departure was warranted and thereafter classified defendant as a risk level III sexually violent offender.  Defendant now appeals.

We affirm.  An "[u]pward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Auleta, 135 AD3d 1251, 1252 [2016] [internal quotation marks and citations omitted]).  In rendering such a determination, County Court "may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument" (People v Nash, 114 AD3d 1008, 1008 [2014]; see People v Becker, 120 AD3d 846, 847 [2014], lv denied 24 NY3d 908 [2014]).  Where the nature of the conduct underlying the conviction is not adequately accounted for in the risk assessment instrument, it may form the basis for an upward modification of a defendant's risk level (see People v Nash, 114 AD3d at 1008; People v Greene, 83 AD3d 1304, 1304 [2011], lv denied 17 NY3d 706 [2011]).

Here, information in the case summary and presentence investigation report note defendant's emotional congruency with children and, when questioned by the victim's mother about reportedly strange behavior with children, he assured her that he was simply more comfortable with them than with adults and that he would never hurt a child.  The information also reflected that defendant bought the victim gifts on a daily basis and, even after the mother asked him to stop, he surreptitiously continued to do so in an attempt to groom the child.  Further, the information also established that defendant brazenly engaged in sexual abuse of the victim while the mother was in close proximity and that defendant, while displaying a knife, told the victim that he would be in trouble if she told of his conduct.  Given these circumstances, clear and convincing evidence demonstrated aggravating factors regarding the nature of defendant's conduct that were not adequately taken into consideration by the risk assessment instrument, and County Court's upward departure was warranted (see People v Rowe, 136 AD3d 1125, 1126 [2016]; People v O'Connell, 95 AD3d 1460, 1460-

-3- 520924

1461 [2012]; People v Wasley, 73 AD3d 1400, 1400-1401 [2010]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court