## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 17, 2016        521558
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                            MEMORANDUM AND ORDER

GEORGE WHEELER,
                Appellant.
_____

Calendar Date: October 19, 2016

Before: Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

James A. Sacco, Binghamton, for appellant.

Gerald F. Mollen, District Attorney, Binghamton (David M. Petrush of counsel), for respondent.

_____

Garry, J.

Appeal from an order of the County Court of Broome County (Smith, J.), entered March 12, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 2012 of possessing an obscene sexual performance by a child and was sentenced to a prison term of 1⅓ to 4 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level two sex offender (75 points). The Board and the People, however, recommended an upward departure to a risk level three

classification.  Following a hearing, County Court adopted the Board's RAI and further determined that an upward departure to a risk level three classification was warranted.  Defendant now appeals.

We affirm.  "An 'upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence'" (People v Sabin, 139 AD3d 1282, 1282 [2016] [brackets omitted], lv denied ___ NY3d ___ [Oct. 25, 2016], quoting People v Auleta, 135 AD3d 1251, 1252 [2016], lv denied 27 NY3d 903 [2016]).  "In rendering such a determination, County Court may consider reliable hearsay evidence such as the case summary, presentence investigation report and the [RAI]" (People v Sabin, 139 AD3d at 1282 [internal quotation marks and citation omitted]; see People v Becker, 120 AD3d 846, 847 [2014], lv denied 24 NY3d 908 [2014]).

The reliable hearsay evidence, including the case summary and presentence investigation report, demonstrates that defendant admitted to being a pedophile and that he had been viewing child pornography for two years.  Defendant would seek out pornography involving girls who are five years old and older; he was found with approximately 30 compact discs containing child pornography in his basement and over 27,000 pornographic images stored on his computer and cell phone, including numerous images of children involved in sex acts and a video of an adult having sexual contact with a child.  His cell phone was also used, apparently surreptitiously, to film a video of a young girl sitting on a bus.  In light of the aggravating factors not taken into consideration by the RAI – including the duration and degree of defendant's child pornography habit and his obsession with young girls – we find County Court's determination that an upward departure was warranted is supported by clear and convincing evidence (see People v Burke, 139 AD3d 1268, 1270 [2016]; People v Labrake, 121 AD3d 1134, 1135-1136 [2014]).

We reject defendant's contention that County Court did not properly consider evidence that he was scored at a medium-low risk of recidivism under a STATIC-99 risk evaluation instrument in making the determination.  This instrument was submitted and

reviewed in the course of the hearing, and the court retained the discretion to determine what weight it should be afforded (see People v Ferrer, 69 AD3d 513, 514 [2010], lv denied 14 NY3d 709 [2010]).  Considering the evidence warranting an upward departure from the presumptive risk assessment, we do not find that County Court erred in classifying defendant as a risk level three sex offender, despite his test scores.  Defendant's remaining claims have been considered and found to be without merit.

    Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur.


    ORDERED that the order is affirmed, without costs.




    ENTER:

Robert D. Mayberger
Clerk of the Court