Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered November 10, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In 1994, defendant was convicted, upon a plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and was sentenced to an indeterminate term of incarceration. He was thereafter designated a level one sex offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law art 6-C). In 2013, defendant was convicted of endangering the welfare of a child (Penal Law § 260.10 [1]) in full satisfaction of that charge and a charge of public lewdness (§ 245.00). The allegations supporting those charges were that the naked defendant stood in his doorway masturbating in full view of and while looking directly at a 10-year-old girl. Defendant was sentenced to a term of probation and, thereafter, the People petitioned, pursuant to Correction Law § 168-o (3), for an upward modification of his risk assessment level. County Court granted the petition, and we now affirm.
 

 “Pursuant to Correction Law § 168-o (3), the People may file a petition for an upward modification of a sex offender’s SORA risk level designation where the sex offender ‘ (a) has been convicted of a new crime . . . and (b) the conduct underlying the new crime . . . is of a nature that indicates an increased risk of a repeat sex offense’ ” (People v Williams, 128 AD3d 788, 789 [2d Dept 2015], lv denied 26 NY3d 902 [2015]; see People v Wroten, 286 AD2d 189, 194 [4th Dept 2001], lv denied 97 NY2d 610 [2002]). “The district attorney shall bear the burden of proving the facts supporting the requested modification, by clear and convincing evidence” (Correction Law § 168-o [3]; see Williams, 128 AD3d at 789).
 

 As a preliminary matter, we agree with defendant that the court cited to the wrong standard in its written decision, when it wrote that the People had “sustained their burden of presenting, by a preponderance of the evidence, facts supporting an upward departure.” We agree with the People, however, that the inclusion of the phrase “preponderance of evidence” was merely a clerical error, inasmuch as the court correctly stated that the appropriate standard was clear and convincing evidence both at the hearing and in its initial summary of the applicable law in its written decision. In any event, “remittal is not required because the record is sufficient to enable us to determine under the proper standard whether the court erred in [granting the People’s petition]” (People v Loughlin, 145 AD3d 1426, 1427-1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
 

 There is no dispute that defendant was convicted of a new crime, i.e., endangering the welfare of a child, which was based on inappropriate, sexually motivated conduct directed at a 10-year-old girl. “Despite the fact that this conviction did not qualify as a registerable sex offense (see Correction Law § 168-a [2]), the nature of the conduct underlying it is sufficient to establish, by clear and convincing evidence (see Correction Law § I68-0 [3]), that defendant is at an increased risk to reoffend” (People v Greene, 83 AD3d 1304, 1304 [3d Dept 2011], lv denied 17 NY3d 706 [2011]). We thus conclude that the People sustained their burden of establishing by clear and convincing evidence that defendant was convicted of a new crime and that the crime was of a nature that would indicate an increased risk of a repeat sexual offense (see § 168-o [3]).
 

 Present—Garni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.