People v Crosley (2018 NY Slip Op 03782)





People v Crosley


2018 NY Slip Op 03782


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

523543

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LARRY T. CROSLEY, Appellant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Jay L. Wilbur, Public Defender, Binghamton (Andrew Newmark of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Broome County (Dooley, J.), entered June 10, 2016, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant pleaded guilty in federal court to the crime of receipt of child pornography (see 18 USC § 2252A [a] [2]) and was sentenced to a prison term of 84 months to be followed by a lifetime of supervised release. Prior to his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6-C) that assigned 30
points to risk factor 5 (age of victim), presumptively placing defendant in the risk level one classification [FN1]. The People also assigned 30 points to risk factor 5 in the RAI that they submitted, as well as additional points to other risk factors, presumptively placing defendant in the risk level two classification. Following a hearing, County Court adopted the People's RAI and classified defendant as a risk level two sex offender. Defendant now appeals.
Defendant's sole challenge is to the 30 points that were assigned to risk factor 5, the absence of which would reduce his score and presumptively place him in the risk level one classification. Specifically, defendant contends that no points should be assigned to this risk factor because there was no proof presented of the ages of the individuals who were victims of the child pornography that provided the basis for his federal conviction. However, the case summary and excerpts from the federal presentence report that were considered by County Court indicate that the search of defendant's residence revealed "at least 20 videos of minor females engaged in sexually explicit conduct" and that "[m]ost of the videos . . . depict girls between the ages of 8 and 16." Contrary to defendant's claim, this constitutes reliable hearsay supporting the assignment of 30 points to risk factor 5 (see People v Parisi, 147 AD3d 1162, 1164 [2017]; People v Wheeler, 144 AD3d 1341, 1341 [2016]; People v Burke, 139 AD3d 1268, 1270 [2016], lv denied 28 NY3d 909 [2016]). Therefore, inasmuch as clear and convincing evidence supports the risk level two classification, we find no reason to disturb it.
McCarthy, J.P., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The Board also sought an upward departure to risk level two based upon defendant's conduct toward a 13-year-old female neighbor who was not a victim of the federal crime.