People v Perry (2019 NY Slip Op 05816)





People v Perry


2019 NY Slip Op 05816


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527098

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TIMOTHY R. PERRY, Appellant.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


G. Scott Walling, Slingerlands, for appellant.
Stephen K. Cornwell, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the County Court of Broome County (Dooley, J.), entered May 18, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2017, defendant pleaded guilty to the reduced charge of attempted sexual abuse in the first degree, which involved over-the-clothing contact with a 12-year-old girl, and was sentenced to two years in prison followed by five years of postrelease supervision. As his release from prison neared, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender (65 points); the Board, however, sought an upward departure to a risk level two classification — contending that the risk assessment instrument did not "fully captur[e] the totality of [defendant's] violent behaviors." Following a hearing, at which the People advocated in favor of an upward departure, County Court granted that request and classified defendant as a risk level two sex offender with a sexually violent offender designation. This appeal ensued.
We affirm. "An upward departure from a presumptive risk [level] classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [2019], lv dismissed and denied ___ NY3d ___ [June 25, 2019] [internal quotation marks and citations omitted]; see People v Headwell, 156 AD3d 1263, 1264 [2017], lv denied 31 NY3d 902 [2018]; People v Garcia, 153 AD3d 735, 736 [2017]). An aggravating factor, in turn, "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the [risk assessment instrument]" (People v Remonda, 158 AD3d 904, 904 [2018] [internal quotation mark and citations omitted], lv denied 31 NY3d 910 [2018]). In determining whether an upward departure is warranted, "County Court may consider reliable hearsay evidence such as [*2]the case summary, presentence investigation report and risk assessment instrument, as well as defendant's past misconduct" (People v Burke, 139 AD3d 1268, 1270 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 909 [2016]) and any other proof that "'a reasonable person would deem . . . trustworthy'" (People v Gauthier, 100 AD3d 1223, 1224 [2012], quoting People v Mingo, 12 NY3d 563, 574 [2009]; see People v Baker, 123 AD3d 1349, 1350 [2014], lv denied 24 NY3d 917 [2015]).
To the extent that defendant's brief may be read as assailing the reliability of the hearsay evidence credited by County Court — namely, the case summary and the presentence investigation reports prepared in connection with defendant's 2017 conviction and his 2013 conviction of criminal obstruction of breathing — this argument is unpreserved for our review (see generally People v Coleman, 45 AD3d 1118, 1118 [2007], lv denied 10 NY3d 705 [2008]). As for defendant's challenge to the sufficiency of such proof, County Court properly considered the facts underlying defendant's 2013 conviction of criminal obstruction of breathing as set forth in the case summary and presentence investigation reports (see People v Tucker, 127 AD3d 1508, 1509 [2015], lv denied 26 NY3d 902 [2015]; People v Wasley, 73 AD3d 1400, 1401 [2010]). According to those documents, defendant — believing that the victim, his then-girlfriend, had been unfaithful — struck the victim about the head, forced his fingers into her vagina, choked her and blocked her exit from the residence, forcing the victim to remove a window air conditioner in order to flee. Those same documents reflect that defendant admitted that he has a history of domestic violence, as further evidenced by the various orders of protection entered in favor of the mothers of his children (see generally People v Wheeler, 144 AD3d 1341, 1341 [2016] [the defendant's admissions in case summary and presentence investigation report properly considered]; People v Gallagher, 129 AD3d 1252, 1254 [2015] [same], lv denied 26 NY3d 908 [2015]). Such proof constitutes clear and convincing evidence of legitimate aggravating factors, i.e., defendant's documented violence toward women and the sexually inappropriate contact underlying his 2013 conviction, and we are satisfied that the presumptive risk level one classification would result in an underassessment of defendant's risk to the community and of sexual reoffense (compare People v Garcia, 153 AD3d at 737). Accordingly, County Court did not abuse its discretion in concluding that an upward departure was warranted (see e.g. People v Remonda, 158 AD3d at 905; People v Wasley, 73 AD3d at 1401; cf. People v Tucker, 127 AD3d at 1509). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.