People v Waters (2021 NY Slip Op 05368)





People v Waters


2021 NY Slip Op 05368


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

529547
[*1]The People of the State of New York, Respondent,
v
Jonathan Waters, Appellant.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Lynch, J.), entered January 24, 2019 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
On March 18, 2017, defendant installed a video/imaging recording device inside of a Starbucks coffeehouse bathroom located in the Town of Colonie, Albany County to record and view the nudity of adult women. An employee of Starbucks subsequently discovered the device plugged into a wall socket that was located next to the sink and across from the toilet, and defendant was ultimately apprehended by law enforcement. In December 2017, defendant pleaded guilty to unlawful surveillance in the second degree and, consistent with the plea agreement, was sentenced to a prison term of 1 to 3 years. In anticipation of defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art
6-C) that scored defendant as having 15 points, presumptively classifying him as a risk level one sex offender. The People prepared a separate RAI, wherein they sought to impose an additional 30 points for the number of victims (risk factor 3) and 20 points for defendant's relationship with the victims (risk factor 7). Although such scoring yielded 65 points, which presumptively classified defendant as a risk level one sex offender, the People sought an upward departure to a risk level two classification. Following a hearing, Supreme Court determined that an upward departure was appropriate and classified defendant as a risk level two sex offender. Defendant appeals.
We affirm. "An upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Headwell, 156 AD3d 1263, 1264 [2017], lv denied 31 NY3d 902 [2018] [internal quotation marks and citations omitted]; see People v Gillotti, 23 NY3d 841, 861-862 [2014]; People v Nash, 114 AD3d 1008, 1008 [2014]). A concurrent or subsequent conviction may provide "the basis for an upward departure if it is indicative that the offender poses an increased risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]; see People v Calderon, 126 AD3d 1383, 1384 [2015], lv denied 25 NY3d 909 [2015]; People v Becker, 120 AD3d 846, 847 [2014], lv denied 24 NY3d 908 [2014]; People v Ryan, 96 AD3d 1692, 1693 [2012], lv dismissed 20 NY3d 929 [2012]; see also People v Miller, 149 AD3d 1279, 1280 [2017]).
As defendant concedes, the People presented evidence of defendant's contemporaneous commission and subsequent conviction in Saratoga County of the same offense at issue here, unlawful surveillance in the second degree, which was not addressed in the RAI. "That contemporaneous conviction provides the basis for an upward [*2]departure inasmuch [as] it is indicative that the offender poses an increased risk to public safety" (People v Colsrud, 155 AD3d 1601, 1602 [2017] [internal quotation marks and citations omitted]; see People v Mangan, 174 AD3d 1337, 1338 [2019], lv denied 34 NY3d 905 [2019]; People v Becker, 120 AD3d at 847; People v Vasquez, 49 AD3d 1282, 1284-1285 [2008]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). The People also presented evidence of another aggravating factor not taken into account by the RAI, specifically, the discovery of video files during a search of defendant's home depicting unknown men and women using public restrooms and public showers in unknown locations (cf. People v Ryan, 157 AD3d 463, 463 [2018], lv denied 31 NY3d 904 [2018]; People v Headwell, 156 AD3d at 1264).[FN1] In view of the foregoing evidence, we are satisfied that the People proved, by clear and convincing evidence, an increased likelihood of recidivism based upon the presence of aggravating factors not adequately taken into consideration by the RAI (see People v Gillotti, 23 NY3d at 861). Further we discern no abuse of discretion in Supreme Court's determination that the aggravating factors outweighed the mitigating factors cited by defendant, including character references and positive evaluations from his sex offender treatment program, and that an upward departure from the presumptive risk level classification was therefore appropriate in this case (see People v Gillotti, 23 NY3d at 861; People v Coon, 184 AD3d 1091, 1092 [2020], lv denied 35 NY3d 916 [2020]; People v Mangan, 174 AD3d at 1339).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Defendant was not charged with an additional offense for his possession of these videos.