People v Johnson (2022 NY Slip Op 03291)





People v Johnson


2022 NY Slip Op 03291


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

531091
[*1]The People of the State of New York, Respondent,
v
Matthew Johnson, Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Kelly L. Egan, Rensselaer, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Lynch, J.
Appeal from an order of the County Court of Tompkins County (Rowley, J.), entered January 17, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant subjected his then-pregnant girlfriend (hereinafter the victim) to a prolonged, violent attack. In satisfaction of a 30-count indictment stemming from this incident, defendant pleaded guilty to assault in the first degree and attempted criminal sexual act in the first degree and was thereafter sentenced to an agreed-upon aggregate prison term of nine years and 15 years of postrelease supervision. In preparation for his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively placed him in the risk level two classification, but the Board strongly recommended an upward departure to a risk level three classification based upon the depraved indifference shown to the victim and her unborn child during the assault, defendant's history of violence toward women, the extent of the victim's injuries and certain of defendant's psychological concerns that contribute to his domestic violence behavior. The People similarly agreed that defendant was presumptively placed in the risk level two classification, but that an upward departure was warranted. Defendant argued that he should instead be scored at a risk level one and opposed any upward departure. Following a hearing, County Court found that defendant should be assessed 85 points, placing him at a presumptive level two risk classification, but that an upward departure to a risk level three was warranted based upon various aggravating factors, with a sexually violent offender designation.[FN1] Defendant appeals.
We affirm. Defendant's sole contention on appeal is that County Court's upward departure to a risk level three classification was improper upon the basis that the evidence underlying the court's determination was already adequately accounted for by the SORA guidelines. Initially, "[a]n upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" (People v Waters, 198 AD3d 1024, 1025 [2021] [internal quotations marks and citations omitted], lv denied 37 NY3d 919 [2022]; see People v Courtney, 202 AD3d 1246, 1249 [2022]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the risk assessment instrument" (People v Perry, 174 AD3d 1234, 1235 [2019] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 34 NY3d 905 [2019]; see People v Courtney, 202 AD3d at 1249). Upon such a showing, "the court makes a discretionary determination whether the overall [*2]circumstances warrant a departure to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness" (People v Remonda, 158 AD3d 904, 904-905 [2018] [internal quotation marks and citation omitted], lv denied 31 NY3d 910 [2018]).
County Court's decision stated that an upward departure was warranted based upon evidence that the victim's injuries caused her "prolonged pain and suffering" and that defendant's sustained and particularly violent physical and sexual attack evidenced a "depraved indifference to the life of his unborn child and [the victim]." In reaching its determination, the court relied upon evidence that defendant, over the course of roughly six hours, beat the victim with his fists and various objects, bit her nose, doused her in bleach, threatened her with a loaded firearm and forced her to engage in sexual conduct and intercourse. Defendant was aware that the victim was pregnant at the time of the attack and the victim suffered physical injuries, including her inability to use her hands for up to eight weeks following the attack. The record reflects that, although defendant was assessed points under risk factor 1 (use of violence) of the risk assessment instrument for his use of a dangerous instrument, he was not assessed points under that factor for the victim's physical injuries and, in any event, the guidelines did not adequately take into account the longevity of the victim's injuries. In view of the "exceptionally violent and depraved circumstances of defendant's crime," we find no abuse of discretion in the court concluding that an upward departure was warranted (People v Joslyn, 27 AD3d 1033, 1034 [2006]; see People v Perry, 174 AD3d at 1235-1236; People v Auleta, 135 AD3d 1251, 1252-1253 [2016], lv denied 27 NY3d 903 [2016]; People v Suber, 91 AD3d 619, 620 [2012], lv denied 19 NY3d 801 [2012]). Defendant's remaining contentions, to the extent not explicitly addressed herein, have been examined and found to be without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: County Court initially issued a decision to this effect on January 5, 2018, which defendant appealed. This Court, however, determined that said decision did not constitute an appealable order for various reasons and dismissed the appeal (179 AD3d 1159, 1160 [2020]).