People v Skipper (2022 NY Slip Op 04986)

People v Skipper

2022 NY Slip Op 04986

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2018-14651

[*1]The People of the State of New York, respondent,
v
Jason Skipper, appellant.

Twyla Carter, New York, NY (Kerry Elgarten of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 31, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of attempted rape in the first degree and endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the Supreme Court granted the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure from the defendant's presumptive level two risk designation, the court designated the defendant a level three sex offender.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 121). Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor "of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v Wyatt, 89 AD3d at 121, 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and "[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v DeDona, 102 AD3d at 68; see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 123).
Contrary to the defendant's contention, while his prior conviction of attempted robbery in the first degree formed a basis for assessing points under risk factor 9, the circumstances of that prior offense were not fully taken into account by the Guidelines and, therefore, constituted an aggravating factor that could support an upward departure. The People established, by clear and [*2]convincing evidence, that the prior violent felony was especially brutal and severe, such that the presumptive risk level reflected in the defendant's risk assessment instrument represented an underassessment of the defendant's actual danger to the community (see People v Shim, 139 AD3d at 76; People v Maldonado, 127 AD3d 714, 715; People v Nash, 114 AD3d 1008; People v Guasp, 95 AD3d 608; People v Suber, 91 AD3d 619, 620). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level three sex offender.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court