People v Norris (2024 NY Slip Op 00213)

People v Norris

2024 NY Slip Op 00213

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

535479
[*1]The People of the State of New York, Respondent.
v
Rayshawn J. Norris, Appellant.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Michael T. Baker, Public Defender, Binghamton (Sarah M. Seese of counsel), for appellant.
F. Paul Battisti, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the County Court of Broome County (Joseph F. Cawley, J.), entered February 25, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant forcibly raped a 59-year-old woman in her home. Defendant was thereafter charged in a five-count indictment with rape in the first degree, sexual abuse in the first degree, predatory sexual assault, robbery in the first degree and burglary in the first degree. In 2012, defendant pleaded guilty to rape in the first degree in satisfaction of the indictment, and was sentenced to an agreed-upon prison term of 11½ years followed by 20 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 100 points, presumptively classifying him as a risk level two sex offender. The People prepared their own RAI assigning a total of 120 points, presumptively classifying defendant as a risk level three sex offender, by adding 10 points under risk factor 12 (failure to accept responsibility) and 10 points under risk factor 13 (conduct while confined). Alternatively, the People argued that an upward departure to a risk level three was warranted. Following a hearing, County Court found that defendant was presumptively classified as a risk level two sex offender, but granted the People's request for an upward departure to a risk level three sex offender classification, with a sexually violent offender designation. Defendant appeals.
We affirm. Defendant does not challenge the assessment of points presumptively classifying him as a risk level two sex offender, but argues that County Court improperly granted the People's request for an upward departure to a risk level three classification. "An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Richardson, 209 AD3d 1068, 1069 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 908 [2023]; see People v Waters, 198 AD3d 1024, 1025 [3d Dept 2021], lv denied 37 NY3d 919 [2022]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the [RAI]" (People v Perry, 174 AD3d 1234, 1235 [3d Dept 2019] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 34 NY3d 905 [2019]; see People v Curry, 208 AD3d 1560, 1561 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). Upon such a showing, "the court makes a discretionary determination whether the overall circumstances warrant a departure [*2]to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness" (People v Remonda, 158 AD3d 904, 904-905 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 31 NY3d 910 [2018]). "When assessing whether an upward departure is warranted, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and [RAI], as well as [statements made by the victim or defendant to law enforcement,] the defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Curry, 208 AD3d at 1561 [internal quotation marks, brackets and citations omitted]; see Correction Law §§ 168-d [3]; 168-n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]).
In granting an upward departure, County Court found that the People established by clear and convincing evidence various aggravating factors that were not adequately taken into account in the RAI; namely, the "heinous, violent, and premeditated nature of" defendant's conduct, his concurrent offenses and his subsequent youthful offender adjudication. To that end, the court relied upon the People's submissions, which included the victim's and defendant's respective statements to police and the Board's case summary, establishing that he entered the victim's home under false pretenses and lured her to the basement, where he bound, gagged and repeatedly raped her while threatening her with a box cutter and demanding money. The court noted defendant's "chilling" written admission that he raped the victim because he had not found any money and "didn't want to leave without getting something." Although defendant was assessed points under risk factor 1 of the RAI for his use of a dangerous instrument, we agree that the depraved nature of his crime was not accurately captured by the guidelines (see People v Johnson, 205 AD3d 1236, 1238 [3d Dept 2022]; People v Auleta, 135 AD3d 1251, 1252-1253 [3d Dept 2016], lv denied 27 NY3d 903 [2016]).
As to defendant's concurrent offenses, the relevant risk factor under the RAI addresses only "prior criminal history," and "concurrent or subsequent criminal history . . . may be the basis for an upward departure if it is indicative . . . [of] an increased risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). Accordingly, contrary to defendant's contentions, County Court did not err in considering evidence of defendant's commission of robbery in the first degree and burglary in the first degree in connection with his underlying SORA conviction, as these were concurrent offenses for which he was charged but not convicted as a result of his negotiated plea (see People v Maurer, 220 AD3d 1061, 1063 [3d Dept 2023]; People v Davis, 166 AD3d 820, 821 [2d Dept 2018]).
Further, the case summary and defendant's presentence report reflect defendant's subsequent youthful offender adjudication in connection with a separate [*3]burglary in Alabama. A youthful offender adjudication may not be used in the assessment of points for criminal history under the RAI, but may be "considered when determining whether to depart from the recommended risk level" (People v Updyke, 133 AD3d 1063, 1064 [3d Dept 2015] [internal quotation marks and citation omitted]; see People v Maurer, 220 AD3d at 1062). Thus, County Court did not improperly consider evidence of defendant's youthful offender adjudication as an aggravating factor in support of an upward departure, as such, in and of itself, "constitutes a reliable determination that [he] committed the underlying criminal conduct" under the SORA guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6 n 6 [2006]; accord People v Stacconi, 81 AD3d 1046, 1046 [3d Dept 2011]). In view of the foregoing clear and convincing evidence of aggravating factors not adequately accounted for under the RAI, we find no abuse of discretion in the court's conclusion that an upward departure was warranted (see People v Perry, 174 AD3d at 1236; People v Auleta, 135 AD3d at 1252-1253).
We finally reject defendant's contention that County Court based its upward departure upon factors of which he was not provided notice; namely, his concurrent offenses and subsequent youthful offender adjudication. Initially, the People's prehearing statement reflects that their request for an upward departure was based upon the nature and circumstances of defendant's underlying criminal conduct, including his conduct related to the concurrent offenses for which he was charged in the ensuing indictment (see Correction Law § 168-n [3]). At the SORA hearing, the People again requested an upward departure upon this basis and County Court directed them to submit a posthearing statement on that issue, allowing defendant time to file a response. Defendant did not object to the timeline established. In their posthearing submission, the People reiterated their request based upon defendant's underlying criminal conduct, but also highlighted for the first time his subsequent youthful offender adjudication. Defendant thereafter submitted a written reply arguing, as to his youthful offender adjudication, that the court should only consider previously presented evidence. Defendant did not, however, assert that he had insufficient time to challenge the People's argument in this regard, nor did he seek additional time or for a continuation of the hearing. Notably, this additional basis for the People's request concerned defendant's own criminal history, which is reflected in both the presentence investigation report and the Board's case summary that were included in the People's prehearing submissions to the court. Under these circumstances, we find that defendant was provided notice of the basis of the People's request for an upward departure and that he was afforded a meaningful opportunity to respond thereto (see People v Warren, 42 AD3d 593, 594 [3d Dept [*4]2007], lv denied 9 NY3d 810 [2007]; compare People v Worley, 40 NY3d 129, 136 [2023]; People v Maurer, 220 AD3d at 1063-1064; People v Wilke, 181 AD3d 1324, 1325 [4th Dept 2020]).
Defendant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Pritzker, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.