◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant. [2 NYS3d 354]—Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about July 23, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The record supports the court's discretionary upward departure to level three. Initially, we note that, contrary to defendant's assertion, the court did not actually assess any points other than the 100 points that were uncontested.

Clear and convincing evidence established aggravating factors that were not otherwise adequately taken into account by the risk assessment instrument (*see People v Gillotti*, 23 NY3d 841, 861-862 [2014]). "[T]he level suggested by the [risk assessment instrument (RAI)] is merely presumptive and a SORA court possesses the discretion to impose a lower or higher risk level if it concludes that the factors in the RAI do not result in an appropriate designation" (*People v Mingo*, 12 NY3d 563, 568 n 2 [2009]). The egregiousness of defendant's conduct toward his 13-year-old daughter was an aggravating factor that was indicative of defendant's inability to control his behavior and that was not adequately accounted for in the RAI (*see People v Mantilla*, 70 AD3d 477, 478 [1st Dept 2010], *lv denied* 15 NY3d 706 [2010]; *People v Ferrer*, 35 AD3d 297 [1st Dept 2006], *lv denied* 8 NY3d 807 [2007]).

Assuming, without deciding, that the state and federal standards for effective assistance of counsel at a criminal trial apply to this civil proceeding (*see People v Reid*, 59 AD3d 158 [1st Dept 2009], *lv denied* 12 NY3d 708 [2009]), we find that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see Strickland v Washington*, 466 US 668 [1984]). Defendant's counsel made appropriate arguments at the hearing, and there was no basis upon which to seek a downward departure. In addition, there is no reasonable likelihood that additional steps by counsel, such as requesting an opportunity for further investigation, would have changed the result. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.