People v Cullen (2018 NY Slip Op 02512)





People v Cullen


2018 NY Slip Op 02512


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

523763

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON S. CULLEN, Appellant.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of St. Lawrence County (Champagne, J.), entered August 25, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2011, defendant pleaded guilty to the crimes of assault in the second degree and forcible touching. He was sentenced to seven years in prison, to be followed by five years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) designating defendant as a presumptive risk level two sex offender (90 points). The People
prepared a risk assessment instrument that included the 90 points assessed by the Board, but also assessed 10 points for both risk factors 12 and 15, thereby presumptively designating defendant as a risk level three sex offender (110 points). Following a hearing, County Court found that defendant was a presumptive risk level two sex offender, based upon the score of 90 points as submitted by the Board, but granted the People's request for an upward departure and classified him as a risk level three sex offender. Defendant now appeals.
We affirm. Defendant contends that County Court abused its discretion in granting the People's request for an upward departure to a risk level three sex offender. "An upward departure from the presumptive risk level is justified when an aggravating factor, not adequately taken into account by the risk assessment guidelines, is established by clear and convincing evidence" [*2](People v Sabin, 139 AD3d 1282, 1282 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 905 [2016]; accord People v Parisi, 147 AD3d 1162, 1164 [2017]).
County Court determined that an upward departure was warranted based upon defendant's victimization of his 12-year-old daughter. Notably, an offender is assessed points under risk factor 7 of the risk assessment instrument "if the victim was a stranger or a 'person with whom a relationship had been established or promoted for the primary purpose of victimization,' or if the offense 'arose in the context of a professional or avocational relationship'" (People v Michaux, 157 AD3d 735, 736 [2018], quoting Sex Offenders Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). The fact that the victim was defendant's daughter is not taken into account by the risk assessment guidelines (see People v Michaux, 157 AD3d at 736; People v Mantilla, 70 AD3d 477, 478 [2010], lv denied 15 NY3d 706 [2010]). Moreover, the record reflects that defendant offered his daughter $100 to have sexual intercourse with him three times per week and told her that he would provide her with birth control pills. In our view, defendant's inability to control his behavior and his conduct in attempting to maintain an ongoing incestuous relationship with his daughter are aggravating factors not taken into account by the risk assessment guidelines and warranted an upward departure to a risk level three sex offender (see People v Michaux, 157 AD3d at 736; People v Celleri, 138 AD3d 708, 708 [2016], lv denied 27 NY3d 911 [2016]; People v Moore, 126 AD3d 444, 444 [2015], lv denied 25 NY3d 908 [2015]).
Garry, P.J., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.